Filed 8/11/14  P. v. Landry CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075398 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03126) |
| v. | |
| LANCE ANDRE LANDRY, JR., | |
| Defendant and Appellant. | |

On May 8, 2012, Mykhiylo Hrytsyuk was working as a sandwich maker at a Subway sandwich shop in Sacramento.  At about 4:00 p.m., a man, later determined to be defendant Lance Andre Landry, Jr., entered the store and ordered a sandwich.  Defendant gave Hrytsyuk a $20 bill after he made the sandwich.  When Hrytsyuk opened the cash register, defendant started to push it.  Hrytsyuk looked up to see what was happening.  He saw defendant holding a gun under a pack of cigarettes.

1

Defendant showed the gun to Hrytsyuk. Hrytsyuk gave defendant all of the money in the register and activated the silent alarm. Defendant took the cash and sandwich and left on foot, turning right on Jessie Avenue.

Shortly after the robbery, John O'Neil was in his home near Jessie Avenue when he saw a young man standing in front of a parked car, looking very nervous and suspicious. Next, he saw another man moving quickly to the car, coming from Jessie Avenue. O'Neil took photographs of the men entering the car; one photograph also included the car's license plate. O'Neil sent the photograph to the police after a helicopter circled overhead and the words "Subway" and "robbery" emitted from its loudspeaker.

The license plate information traced the car to a residence located between one-half to three-quarters of a mile from the Subway. A search warrant was obtained and the ensuing search found $129 cash, a fully loaded .38-caliber revolver, and .38-caliber bullets in a bedroom determined to be defendant's, but defendant was not there. The home's refrigerator contained a partially eaten Subway sandwich. An arrest warrant issued, and defendant was eventually arrested in the state of Washington.

In one phone call from jail, defendant said he robbed a clerk at gunpoint and the gun was found under his bed.

A jury convicted defendant of second degree robbery (Pen. Code, § 211)[1] with an enhancement for personally using a firearm (§ 12022.53, subd. (b)). The trial court sentenced defendant to 12 years in state prison, imposed various fines and fees, and awarded 600 days of presentence credits (522 actual and 78 custody). (§ 2933.1.)

Defendant appeals. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court

---

[1] Undesignated statutory references are to the Penal Code.

to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief asserting there is insufficient evidence to support the firearm enhancement. Defendant contends, without citation to the record, that Hrytsyuk testified that he did not notice defendant had a concealed firearm until the police pointed it out to him, and that Hrytsyuk could not recognize what the firearm was.

Section 12022.53, subdivision (b) adds 10 years to a sentence when a defendant uses a firearm in the commission of a felony. At issue is the meaning of the phrase, "uses a firearm." "[U]sed a firearm" is defined by statute as, "to display a firearm in a menacing manner, to intentionally fire it, to intentionally strike or hit a human being with it . . . ." (§1203.06, subd. (b)(2); see *People v. Cory* (1984) 157 Cal.App.3d 1094, 1101-1104 [concluding that definition of "used a firearm" in section 1203.06 applies equally to former section 12022.5 (Stats. 1982, ch. 142, § 5) (see §§ 12022.5, subd. (a), 12022.53, subd. (b))].)

Hrytsyuk testified that when he raised his head to look at defendant after he started to push the cash register, Hrytsyuk saw a gun pointing at him and, "[t]hen [he] understood everything." According to Hrytsyuk, defendant did not say anything, but "was just showing that [he had] a gun. He was, like, look at the gun, you know. He was, like, winking or something."

Hrytsyuk's testimony is sufficient evidence to show that defendant used the firearm in a menacing manner when he committed the robbery. Defendant's contention to the contrary is without merit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

           BUTZ           , J.

We concur:

       RAYE          , P. J.

      DUARTE        , J.